(No. 15687.—Reversed in part.)

THE PEOPLE *ex rel.* James S. Roche, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1923.*

1. TAXES—*"an additional tax" for county road bonds is in addition to constitutional limit.* A vote authorizing "an additional tax" for the payment of interest and principal of county road bonds, as provided in section 15*d* of the Roads and Bridges act, authorizes a tax in addition to all other taxes authorized by law and is not merely in addition to the statutory limitation of fifty cents but may be in addition to the constitutional limitation.

2. SAME—*validating act of 1923 does not apply to county highway tax in excess of twenty-five cents.* The act of 1923 validating county highway taxes levied under paragraph 6 of section 25 of the Counties act where a levy has already been made for the payment of interest and principal of road bonds authorized by a vote of the people, does not apply and will not validate such county highway tax where the levy authorized by vote for the bond tax is for an additional tax of more than twenty-five cents, but said act validates the highway tax only where the total amount, together with the bond tax, does not exceed the rate of twenty-five cents.

APPEAL from the County Court of Alexander county; the Hon. HARRY HOOD, Judge, presiding.

REED GREEN, and JOSIAH WHITNEL, (EDWARD J. WHITE, DAVID S. LANSDEN, P. J. KOLB, and LINDORF O. WHITNEL, of counsel,) for appellant.

LESLIE L. WILBOURN, State's Attorney, and DEWEY & CUMMINS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The tax for county purposes (exclusive of registered bond tax) levied by the county board of Alexander county for the year 1923 required a rate of $1.05 on each $100 assessed valuation, being fifty cents for general county purposes, thirty-five cents for payment of interest and principal of county road bonds, and twenty cents for county highway tax. Appellant paid that portion of its taxes which would have been produced had the tax been extended at the rate of seventy-five cents on each $100 assessed valuation and refused to pay the balance of the tax. The objections to the excess tax filed by appellant were overruled, judgment was rendered against it, and it appealed.

February 5, 1921, the county board passed a resolution providing for the submission to the voters of Alexander county the proposition of issuing $350,000 in bonds. The notices of the election stated that "said bonds are to be issued for the purpose of constructing roads in said Alexander county, being portions of State aid routes No. 2 and No. 3 in said county, and shall consist of 350 bonds of $1000 each, to mature in twenty annual series and bear interest at the rate of five per cent per annum, payable annually; and for payment of the principal and interest of said bonds as they severally become due a special annual tax of thirty-five cents (35c) on each $100 assessed valuation for twenty years shall be levied, as provided by law." The ballot used

at said election was in the form provided by section 15*d* of the Roads and Bridges act, and stated:

| | | |
|---|---|---|
| Shall county bonds for roads be issued to the amount of three hundred fifty thousand dollars ($350,000) and an additional tax levied for the payment of interest and principal of such bonds? | .YES | |
| | NO | |

The proposition carried, and thereafter the special additional tax of thirty-five cents on each $100 assessed valuation was extended.

Appellant contends .that the ballot does not indicate whether the "additional tax" was to be in addition to the constitutional limitation of seventy-five cents or in addition to the statutory limitation of fifty cents. The ballot was in the form provided by the statute, and it advised the voter that he was voting· for a special tax to pay the interest and principal of the bonds he was authorizing, and that this special tax was to be in addition to all other taxes authorized by law. The notice of election advised the voters that the tax was to be a special tax of thirty-five cents on each $100 assessed valuation and that it was to be extended annually for twenty years. The county board was then authorized to extend a tax for general county purposes at the rate of fifty cents on each $100 assessed valuation, and when the voter authorized the board to extend this additional tax he knew that the total tax would be in excess of the constitutional limitation of seventy-five cents. The court properly overruled the objection to the county road bond tax.

Appellant contends that the county highway tax is void for the reason that paragraph 6 of section 25 of the Counties act, as construed in *People* v. *New York Central Railroad Co.* 305 Ill. 434, and *People* v. *Louisville and Nashville Railroad Co.* 307 id. 173, prohibits a second levy for State aid roads where a levy ha's already been made for the payment of interest and principal of road bonds authorized by a vote of the people of the county. Appellee contends

that the county highway tax has been legalized by an act which provides: "In all cases where any county board heretofore shall have levied, in addition to other county taxes, a tax not to exceed twenty-five cents on the $100 valuation for the purposes of improving and maintaining the State aid roads and of paying the interest and principal of bonded indebtedness heretofore duly authorized for the construction of State aid roads in the county, and additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county, such taxes of not to exceed twenty-five cents on the $100 valuation so levied as aforesaid, for the purposes aforesaid, whether in excess or within the rate or rates otherwise authorized for county purposes, are hereby declared to be valid taxes, notwithstanding that additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county." (Laws of 1923, p. 512.) It is clear that this validating act does not apply to the situation presented by the case at bar. Here the county board has already levied a tax of thirty-five cents on each $100 assessed valuation for State aid roads, and the act quoted does not purport to legalize a county highway tax where the total amount levied for State aid road purposes exceeds a rate of twenty-five cents. It is evident that the act was passed to cover situations presented by the cases cited. For instance, in *People* v. *Louisville and Nashville Railroad Co.* *supra,* the rate for county highway bonds was fifteen cents, and it was the purpose of the validating act to legalize an additional county highway tax of ten cents, so that all counties in the State would have authority to levy a total tax of twenty-five cents on each $100 assessed valuation for State aid road purposes. The county highway tax was void and the court erred in overruling the objection to it.

The judgment is reversed as to the county highway tax and affirmed as to other items of the county tax.

*Reversed in part.*