THE PEOPLE *ex rel.* James C. Roche, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed February 17, 1925.*

TAXES—*when an additional highway tax is not to be in excess of constitutional limitation of seventy-five cents.* Where, prior to July 1, 1921, the voters of a county have authorized an additional highway tax without any specification in the notice of election or ballot that such tax is to be in addition to the constitutional limit of seventy-five cents for all county purposes, the county board can not in subsequent years treat such additional tax as in addition to the constitutional limitation and levy a county highway tax of twenty cents, thereby bringing the total county rate (exclusive of registered bond tax) to $1.02 on each $100 assessed valuation.

APPEAL from the County Court of Alexander county; the Hon. FRED HOOD, Judge, presiding.

JOSIAH WHITNEL, (EDWARD J. WHITE, L. O. WHITNEL, REED GREEN, and DAVID S. LANSDEN, of counsel,) for appellant.

LESLIE L. WILBOURN, State's Attorney, DEWEY & CUM-MINS, and ASA J. WILBOURN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The aggregate tax for county purposes (exclusive of registered bond tax) levied by the county board of Alexander county for the year 1923 required a rate of $1.02 on each $100 assessed valuation, being fifty cents for general county purposes, thirty-two cents for payment of interest and principal of county road bonds and twenty cents for county highway tax. Appellant refused to pay the county highway tax, and judgment was rendered against it on the application of the county collector.

In *People* v. *Missouri Pacific Railroad Co.* 310 Ill. 424, objections to similar taxes for the year 1922 were before us for consideration. In that case the objector conceded that the voters of Alexander county had by proceedings under section 15*d* of the Roads and Bridges act legally issued $350,000 in road bonds and that they had legally authorized a tax of twenty-five cents for the payment of interest and principal of such bonds, which tax was to be in addition to the tax of fifty cents for general county purposes. The objection was that the additional ten cents levied for the payment of interest and principal of county road bonds being in excess of the constitutional limitation of seventy-five cents was not a legal tax. We held that inasmuch as it was conceded that the additional tax voted was a tax in addition to the fifty cents authorized for general county purposes the voters authorized the full thirty-five cent tax, which made the tax ten cents in excess of the constitutional limitation. On this appeal the appellant concedes that the thirty-five cent tax authorized by the voters for the payment of interest and principal of county road bonds is a legal tax and is to be levied in addition to the regular fifty cent tax for general county purposes.

The election authorizing the issuance of the bonds and the levying of the additional tax in question was held April 6, 1921. By section 14 of the act establishing a system of State highways, which became effective July 1, 1921, the several counties of the State were given power to levy an annual tax of not to exceed twenty-five cents to be known as the county highway tax, which was to be in addition to the maximum tax of fifty cents then authorized for general county purposes. In 1923 the Counties act and the Revenue act were so amended as to except the county highway tax from the general limitation of fifty cents.

Appellee contends, and the trial court held, that a vote authorizing "an additional tax for the payment of interest and principal" of county road bonds authorizes a tax in addition to all other taxes for county purposes authorized by law at the time the levy is made each year, and that in the case at bar the vote authorizing the additional tax of thirty-five cents in effect authorized a tax of thirty-five cents in excess of the constitutional limitation of seventy-five cents where the county levies the full seventy-five cent tax for other authorized county purposes.

Whether the legislature can by an act provide that a tax, if authorized by the voters of a county, shall be in excess of the constitutional limitation where the ballot does not so provide and the attention of the voter is not by direct reference to a statute or in any other manner directed to the fact that the tax will be in excess of the constitutional limitation, it is clear that the vote taken in Alexander county April 6, 1921, did not authorize a tax of thirty-five cents in excess of the constitutional limitation of seventy-five cents. The mere use of the word "additional" in connection with the tax does not mean that the tax is to be levied in excess of the rate allowed for all county purposes. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214; *People* v. *Wabash Railway Co.* 286 id. 15.) It must be made clear

to the voters by the notice of election or by the ballot that the additional tax authorized is to be levied in excess of the maximum tax for all county purposes then allowed by law. Appellant has never contended in this court, and does not now contend, that the voters of Alexander county did not by their vote April 6, 1921, authorize a tax in excess of the maximum tax of fifty cents for the payment of the interest and principal of the county road bonds then authorized. This being conceded, the only question before us is whether by this vote the voters of Alexander county au-. thorized a tax of thirty-five cents in excess of the constitutional limitation. We entertain no doubt on this question. No authority has been cited, and we think none can be found, which sustains the contention of appellee.

It seems clear to us that the legislature intended by the act authorizing the county highway tax that the county board in every county should have authority to levy an annual tax not to exceed twenty-five cents on the $100 valuation for highway purposes, but it is equally clear that it did not thereby intend to authorize double taxes in counties where the legal voters had theretofore authorized the county board to levy an additional tax for the same purpose. Therefore, where the legal voters have prior to July 1, 1921, authorized an additional highway tax without specifically providing that the additional tax is to be in excess of the constitutional limitation, the county board must take into consideration this additional tax in making its annual levy and not levy an amount to exceed twenty-five cents on the $100 valuation for highway purposes unless the people of the county have by vote on the question authorized it to levy an amount in excess of twenty-five cents.

The judgment of the county court is reversed.

*Judgment reversed.*