THE PEOPLE *ex rel.* James C. Roche, County Collector, Appellee, *vs.* THE CAIRO AND THEBES RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1925.*

1. TAXES—*when election is not sufficient to authorize tax above constitutional limit.* To authorize a tax in excess of the constitutional limit for county purposes the voter must be well advised of the question upon which he is asked to vote, and where the constitutional limit has not been reached in the levy of general county and road taxes, an election on the proposition to levy a special or additional tax for road bonds which runs the total over the constitutional limit is not sufficient to authorize the tax above the limitation, where the voter is not advised by the notice of election or by the ballot that he is voting for or against a tax in excess of the maximum allowed by law for all county purposes, but merely that he is voting for or against an additional tax for road bonds.

2. SAME—*court will consider only the objections made.* In cases involving the revenue the court will limit its decision strictly to the objections made.

3. SAME—*what is not an objection to road tax to be paid to city treasurer.* In the tax levied by the commissioner of highways for a road district including a city, a specific item to be paid to and

expended by the city in the improvement of roads and bridges within the city under paragraph 65 of the Roads and Bridges act (Smith's Stat. 1925, p. 2198,) is not subject to the objection that one municipality cannot levy a tax for the benefit of another, as the validity of the tax is not affected because a portion of it is to be expended under the direction of the corporate authorities of a city within the road district.

APPEAL from the County Court of Alexander county; the Hon. D. I. KIRKHAM, Judge, presiding.

REED GREEN, H. L. BROWNING, and JOSIAH WHITNEL, (EDWARD J. WHITE, and DAVID S. LANSDEN, of counsel,) for appellant.

LESLIE L. WILBOURN, State's Attorney, and DEWEY & CUMMINS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Alexander county overruling objections to a county tax and a road district tax.

The county board of Alexander county for the year 1924 levied a tax for general county purposes which required a rate of fifty cents on each $100 assessed valuation, and a tax for the payment of principal and interest on county road bonds which required a rate of thirty-four cents. Appellant paid that portion of the aggregate tax produced by a rate of seventy-five cents on each $100 assessed valuation and refused to pay the excess tax produced by the additional nine cent rate. Application for judgment for the taxes which appellant refused to pay was made, the objection filed by appellant on the ground that the excess tax was void because in violation of the constitutional limitation was overruled and judgment entered.

February 5, 1921, the board of county commissioners passed a resolution providing for the submission to the

voters of Alexander county of the proposition of issuing $350,000 in bonds for the purpose of constructing roads. The notice of election stated that it was called for the purpose of voting upon the question, "Shall county bonds for roads be issued to the amount of three hundred fifty thousand dollars ($350,000) and an additional tax levied for the payment of interest and principal of such bonds?" After describing the bonds to be issued the notice continued, "For payment of the principal and interest of said bonds as they severally become due, a special annual tax of thirty-five (35c) cents on each $100 assessed valuation for twenty years shall be levied as provided by law." The ballot used at said election was in the form provided by section 15*d* of the Roads and Bridges act, and stated:

| Shall county bonds for roads be issued to the amount of three hundred fifty thousand dollars ($350,000) and an additional tax levied for the payment of interest and principal of such bonds? | Yes | |
| --- | --- | --- |
| | No | |

Section 8 of article 9 of the constitution provides: "County authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per $100 valuation, * * * unless authorized by vote of the people of the county." By the objections filed, appellant presents squarely the question whether the voters of Alexander county, by their affirmative vote on the proposition submitted, have authorized a tax in excess of the constitutional limitation.

When the taxes in question were levied the county board had authority to levy a tax for general county purposes, which required a rate of fifty cents, and a tax for road purposes, which required a rate of twenty-five cents, but it did not have authority to levy taxes the aggregate of which would require a rate in excess of the constitutional limitation of seventy-five cents on each $100 assessed valuation unless authorized by vote of the people to levy such excess

tax. Prior to July 1, 1919, the limitation upon the power of the county board to levy taxes fixed by the statute was the same as the limitation fixed by the constitution. On that date a law became effective which prohibited county boards from levying taxes for county purposes which would require a rate in excess of fifty cents on the $100 assessed valuation. (Laws of 1919, p. 741.) Two years later this limitation was removed to the extent, only, that the board might levy an annual tax for road purposes to an amount requiring a rate of twenty-five cents or less. (Laws of 1921, p. 386.) April 6, 1921, when the election authorizing the issuance of the county road bonds and the levying of the special tax to pay the same was held in Alexander county, section 27 of the Counties act provided the manner of calling and conducting an election for the purpose of raising the statutory limitation of fifty cents. There was not then, and is not now, any statute providing the manner of calling and conducting an election for the purpose of raising the constitutional limitation of seventy-five cents, and so such an election must be called and conducted in harmony with laws providing for the calling and conducting of elections on similar propositions, so that the voter will be advised of the question upon which he is asked to vote. The last clause of section 8 of article 9 of the constitution, "unless authorized by vote of the people of the county," clearly refers to the limitation fixed by the first part of the section and not to the word "taxes." Mere authority to levy a special or additional tax does not authorize the county board to levy a tax above the limitation fixed by the statute or the constitution. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191.) A special or additional tax authorized by the voters of the county may or may not be in excess of the statutory or constitutional limitation, depending on whether the full tax which the county board is authorized to levy has been levied for other purposes. So it cannot be assumed that the voters by merely authoriz-

ing a special or additional tax are authorizing one in excess of the limitations fixed. (*People* v. *Wabash Railway Co.* 286 Ill. 15.) It must be made clear to the voters by the notice of election or by the ballot that the special or additional tax authorized is to be levied in excess of the maximum tax for all county purposes then allowed by law. (*People* v. *Missouri Pacific Railroad Co.* 316 Ill. 137; *People* v. *Ross,* 302 id. 328.) When the county board desires authority to levy a tax in excess of the limitation fixed by the constitution, the question which it must submit to the people is, in substance, Shall the county board have authority to assess taxes the aggregate of which shall exceed seventy-five cents on the $100 assessed valuation by a certain specified amount? In the case at bar there is no notice to the voter, either in the notice or the ballot, that the special tax to be levied to pay the principal and interest of the bonds is to be in excess of any limitation, and there is not even a suggestion that when the special tax is added to other taxes for county purposes the aggregate will exceed the limitation fixed by the constitution. The objection to the excess tax should have been sustained.

We had before us this same special tax in *People* v. *Missouri Pacific Railroad Co.* 310 Ill. 424, but the objections made to the tax by the objector in that case were not the same as those made to the tax by the objector in this case. In cases involving the revenue we limit our decision strictly to the objections made. All we decided in the *Missouri Pacific case* was that the court properly overruled the objection then made.

The commissioner of highways for the road district including the city of Cairo determined that it was necessary to raise by taxation for road and bridge purposes for the year 1924 the sum of $52,000, and in stating separately the several amounts to be levied for the different purposes enumerated in item 3 of clause (*b*) of paragraph 56 of the Roads and Bridges act, (Smith's Stat. 1925, p. 2194,) he

included an item of $20,000 which he stated to be "one-half of road and bridge taxes to be levied on property within the corporate limits of the city of Cairo, Illinois, and to be paid to and expended by said city of Cairo." Paragraph 65 of the act provides that one-half of the tax levied and collected for road and bridge purposes on the property lying within an incorporated city shall be paid over to the treasurer of such city, to be appropriated to the improvement of roads and bridges within the city or the road district under the direction of the corporate authorities of such city. Of course, the amount to be paid over by the county collector to the city treasurer will not be used by the highway commissioner for the construction or maintenance of roads or bridges or the purchase or repair of machinery, and if he is to make a separate item of it he must do so substantially as the commissioner has done in this case. The only points made against the tax in the brief filed by appellant are, that the authorities of one municipality cannot levy a tax for the benefit of another, and that municipal authorities cannot levy taxes for purposes not specifically authorized by the legislature. The objections made are answered in *Peoria and Pekin Union Railway Co.* v. *People*, 144 Ill. 458. The $20,000 tax included in the certificate of the commissioner of highways is a road and bridge tax and must be expended within the road district for road and bridge purposes. The validity of the tax is not affected because a portion of it is to be expended under the direction of the corporate authorities of a city within the road district. The objection to this tax was properly overruled.

The judgment of the county court with respect to the county tax is reversed and with respect to the road district tax is affirmed.    *Reversed in part and affirmed in part.*