(No. 18468.—Reversed and remanded.)

THE PEOPLE *ex rel.* Norman Forsythe, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1927.*

TAXES—*election authorizing an additional county tax for hard road does not authorize tax in excess of the constitutional limit— burden of proof.* An election authorizing an additional county tax to pay principal and interest of county hard road bonds does not authorize the levying of a tax in excess of the limitation fixed by the constitution, and an objector sustains his burden of proof where the record of the county board introduced in evidence shows the form of ballot and the substance of the notice of election, which disclose that the election was for "an additional tax" for the hard road bonds without informing the voters that the tax was in addition to the constitutional limit.

APPEAL from the County Court of Clark county; the Hon. JED GARD, Judge, presiding.

P. J. KOLB, and S. M. SCHOLFIELD, (H. N. QUIGLEY, and S. W. BAXTER, of counsel,) for appellant.

EVERETT CONNELLY, State's Attorney, (H. R. SNAVELY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company from a judgment of the county court of Clark county overruling appellant's objections to a certain portion of the taxes levied for said county and rendering judgment against appellant for the taxes to be paid.

The county clerk of Clark county extended a tax of eighty-nine cents on the $100 assessed valuation. Fifty cents on the $100 was levied for general county purposes, twenty-five cents on the $100 for county highway tax, and

fourteen cents on the $100 for county hard roads bond tax. Appellant paid the tax extended against its property to the extent of seventy-five cents on the $100 valuation and objected to the residue, which was in excess of the constitutional limit. The court overruled the objection and rendered judgment thereon, from which this appeal is prosecuted.

Section 8 of article 9 of the constitution prohibits county authorities from levying a tax in excess of seventy-five cents per $100 valuation "unless authorized by vote of the people of the county." The record shows that on September 2, 1917, the board of supervisors of Clark county adopted a resolution to construct a hard road in the county and to borrow $112,000 on the credit of the county to raise the money to build the road, which is described in the resolution. The resolution provided that the bonds should mature in ten annual series, and to pay the principal and interest a special annual tax should be levied each year for ten years. The resolution called an election to be held at which the question of issuing bonds and levying the tax should be submitted to the legal voters on October 23, 1917. The resolution of the board set out the form of the ballot, which is as follows:

| Shall county bonds for roads be issued to the amount of $112,000 and an additional tax levied for the payment of interest and principal of such bonds? | YES |
| --- | --- |
| | NO |

The record shows that at the election 1768 votes were for the proposition submitted and 637 against it. For reasons set out in the record of the board of supervisors the bonds were not issued until 1919. When the board adopted the resolution that an election be held October 23, 1917, there was submitted to the legal voters the question of issuing bonds of the county in the amount of $112,000 "and

levying an additional tax" to pay the principal and interest. The record recites that notices of said election were posted, designating the road to be improved as described in the resolution of September, 1917, the amount of bonds to be issued, the rate of interest on said bonds and the number of annual series of bonds, and that each of said notices set forth that a vote of the people at the same election be taken on the question of raising "an additional tax" to pay the principal and interest of said bonds. The resolution for issuing bonds recites that a majority of all the voters voting on the question of issuing bonds, "and raising an additional tax to pay the same," were in favor thereof. The record of the board then shows the issuing of the bonds for borrowing money to construct the road; that the bonds mature in ten annual series and bear interest at the rate of five per cent per annum. The record then proceeds: "That for the purpose of providing for the levy and collection of a direct annual tax sufficient to pay the interest on said bonds as it falls due and also to pay and discharge the principal thereof at maturity, there be and there is hereby levied upon all the taxable property in said county in each year while any of said bonds are outstanding, a direct annual tax sufficient for that purpose, and that there be and there is hereby levied upon all the taxable property within said county the following direct annual tax:" Then follows the requirement for the tax for 1919 sufficient to raise $14,600 for interest and principal of bonds maturing July 1, 1920, and a like requirement for each year thereafter, except the amount necessary to be raised varies slightly in different years up to 1928. The county clerk in each of the years from 1919 to 1928 was directed to ascertain the rate per cent required to produce the aggregate tax levied for each of said years and extend the same for collection on the tax books, in connection with other taxes levied in said year.

The point raised for decision is whether the proceedings of the board of supervisors show the county clerk was

authorized to extend the taxes for 1926 in excess of seventy-five cents on the $100 assessed valuation.

The constitution authorizes the county to assess taxes in excess of seventy-five cents per $100 valuation if authorized by a vote of the people of the county. The proceedings of the county board show that an election was held upon the question of issuing bonds and "an additional tax" levy for the payment of the principal and interest. No election was held at which the question voted upon was the question of levying a tax in addition to the constitutional limit provided, of seventy-five cents on the $100 assessed valuation. The form of the ballot used, as set out in the proceedings of the board, submitted to the voters only the question of an additional tax levy to pay interest and principal of bonds. The substance of the notice of the election is set out in the proceedings of the board, and it nowhere informs the voters that the question of levying a tax in addition to that authorized by the constitution was to be voted on. Throughout the proceedings of the board the reference is to the election as one to authorize the levying of an additional tax, and not a tax in addition to the rate fixed by the constitution. This question has received the consideration of this court heretofore, and it has been held that authority to levy an additional tax is not authority to levy a tax above the limitation fixed by the constitution. *People* v. *Cairo and Thebes Railroad Co.* 319 Ill. 118; *People* v. *Baltimore and Ohio Railroad Co.* id. 366; *People* v. *Missouri Pacific Railroad Co.* id. 433; *Same* v. *Same,* 316 id. 137.

Counsel for appellee do not question the decisions cited but contend the burden of proof was on the objector, and it failed to offer any evidence that the notice and ballot were not for an election to authorize a tax in addition to the constitutional limit. We do not so understand it. The proceedings of the board of supervisors were introduced in evidence and are set out in the abstract. We have quoted from them rather fully. It is true, the form of the

notice is not given in the proceedings but its substance is, and the form of the ballot used is set out in full.

We are of opinion the court erred in overruling the objections and rendering judgment.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*