The county collector of Alexander county made application to the county court for judgment and order of sale for delinquent taxes. Appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, filed objections to the additional county tax rate of nine cents and to a part of the corporation tax, park tax and garbage tax of the city of Cairo. The court sustained the objection to the garbage tax and overruled the other objections, and an appeal has been prosecuted to this court.
On November 6, 1928, pursuant to a resolution of the county board, a special election was held in connection with the regular election to authorize an additional county tax. The ballot was "for or against an additional tax on the assessed valuation of all taxable property in Alexander county, Illinois, at a rate sufficient to raise and produce the sum of $15,000 per year for three successive years, beginning with the year 1928, for the purpose of the payment of the floating debt of said county, which additional tax shall be in *Page 171 
addition to the tax of twenty-five cents on each $100 assessed valuation now allowed by law for general county purposes, and in addition to the constitutional limitation for county taxation purposes of seventy-five cents on each $100 assessed valuation, and in addition to all other taxes which said county is now authorized to levy." The proposition received a favorable majority of all of the votes cast on the proposition but did not receive a majority of all of the votes cast at the election. The rate for county purposes for 1928 was seventy-four cents, including an additional county tax of nine cents levied under authority of this election, and it is the additional nine cents which appellant claims is illegal and to which objection was filed.
The contention of appellant is that the proposition voted on at the special election did not authorize the extension of the extra nine cents of tax over and above the statutory rate of twenty-five cents, because the ballot contained a clause to the effect that the additional county tax should be in addition to the constitutional limitation of seventy-five cents and the proposition did not receive a majority of all votes cast at the election. Appellee insists, and the court so held, that the additional county tax of nine cents is legal and valid for the reason that the question submitted contained a clause that the additional county tax should be in addition to the statutory limit of twenty-five cents, and that an additional tax over the statutory limit of twenty-five cents and under the constitutional limit of seventy-five cents required only a favorable vote of a majority of the votes cast on the question submitted, as provided in section 27 of chapter 34 of our statutes.
Section 8 of article 9 of the constitution provides that county authorities shall never assess taxes the aggregate of which shall exceed seventy-five cents per $100 valuation except for the payment of indebtedness existing at the adoption of the constitution, unless authorized by a vote of the people of the county. Section 25 of chapter 34 of *Page 172 
our statutes authorizes counties to cause to be annually levied and collected taxes for county purposes, including all purposes for which money may be raised by the county by taxation, not exceeding twenty-five cents on the $100 valuation, except for certain purposes not material here, and except taxes authorized as additional by vote of the people of the county. Section 27 of the same chapter provides that whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the rate of twenty-five cents per $100 valuation of the property of the county, except in certain instances not material here, the county board may by resolution, as provided in the act, submit the question of an additional tax to a vote of the people, and if a majority of the votes cast upon the question are for the additional tax, then the county board shall have power to cause such additional tax to be levied and collected.
It has been held by this court that when a proposition of this kind is submitted to a vote of the people at a general election it must receive a majority of all of the votes cast at the election before it can be held to be carried, unless the statute providing for its submission provides that a majority of the votes cast upon the particular proposition submitted shall be sufficient to adopt it. (People v. Missouri PacificRailroad Co. 328 Ill. 504; People v. Weber, 222 id. 180.) Under these authorities, where the increase is above the constitutional limit the proposition must receive a majority of all votes cast at the election, but if the increase is over the statutory limit and under the constitutional limit and the election is held under section 27 of chapter 34 the proposition must receive a majority of the votes cast upon that question. It has been held that it must be made clear to the voters by the notice of the election or by the ballot that the additional tax authorized is to be levied in excess of the maximum tax for all county purposes then allowed by law. People v.Cairo and Thebes Railroad Co. 319 Ill. 118 *Page 173 
; People v. Missouri Pacific Railroad Co. 316 id. 137;People v. Ross, 302 id. 328.
The ballot in this case notified the voters that the tax was to be (a) in addition to all taxes which the county was authorized to levy; (b) it was to be in addition to the tax of twenty-five cents allowed by law for general county purposes; (c) it was to be in addition to the constitutional limit of seventy-five cents for county purposes. These tax limitations are separate and distinct and are based on different sections of the statute and the constitution. If the ballot had contained no reference to the constitutional limitation and the proposition had received a favorable majority of all votes cast upon the proposition, the additional levy would clearly have been valid under section 27 of the statute, the total levy being only seventy-four cents, which was under the constitutional limit. The constitutional requirement does not apply until the aggregate of all county taxes, except taxes for indebtedness existing at the time of the adoption of the constitution, shall exceed seventy-five cents. Up to that amount only the statutory requirements are applicable. We do not think that because the ballot contained a reference to the constitutional limitation it made the additional tax entirely invalid, but it was valid up to the constitutional limit of seventy-five cents. This court has held that a levy of taxes in excess of the per cent allowed by the constitution does not render the whole tax void, but it renders void only so much of it as is in excess of the constitutional limit. If the tax within the constitutional limit can be separated from the portion that is in excess of that limit the portion under the constitutional limit is valid. (People v. Cleveland,Cincinnati, Chicago and St. Louis Railway Co. 305 Ill. 460;People v. Lovellette, 302 id. 210; People v.Missouri Pacific Railroad Co. 301 id. 541.) The levy in this case is less than the constitutional limitation. The statutory provisions governing additional county taxes have been fully carried out so as to increase *Page 174 
the tax to seventy-five cents, therefore the additional levy of nine cents for county purposes was valid and the court properly overruled the objection thereto.
It is next insisted by appellant that the park taxes and general taxes of the city of Cairo should be scaled under the statute commonly known as the Juul law. The city of Cairo, which has a population of about 15,000, prior to the extension of this tax voted to increase the rate for general corporate purposes from 66 2/3 cents to 87 1/2 cents for a period of three years, beginning with 1928, under section 1 of article 8 of the City and Village act. The tax levied was for general purposes 88 cents, parks 10 cents, library 9 cents, garbage 10 cents, bonds and interest 38 cents, making a total levy of $1.55. It is admitted that the bond, interest and library taxes cannot be scaled, the court scaled the garbage tax, and the remaining questions are whether the park tax of 10 cents and the taxes for city purposes in excess of 66 2/3 cents should be scaled.
The first question is whether or not a tax of a city for general corporate purposes is subject to the scaling process under the Juul law when the rate of taxation for general corporate purposes has been increased above 66 2/3 cents per $100 by the voters of such city, as provided in section 1 of article 8 of the City and Village act. That section fixes the rate of taxation for general corporate purposes for cities and villages of less than 150,000 population at not exceeding two-thirds of one percentum of the assessed valuation of such cities. It contains a proviso that by a vote of the people the tax rate for general purposes, exclusive of the amount levied for the payment of the bonded debts and interest thereon, and exclusive of taxes authorized by acts which by their terms provide that such taxes shall be in addition to the taxes for general purposes authorized under this section, may be increased to 87 1/2 hundredths of one per cent for a period of years not exceeding five. The section also contains a proviso that nothing therein contained *Page 175 
shall be held to repeal or modify the limitation contained in an act entitled, "An act concerning the levy and extension of taxes, approved May 9, 1901, as subsequently amended," which act is commonly known as the Juul law.
The Juul law was originally passed on May 9, 1901. It provided a method of scaling certain taxes which were so high as to make the total rate in excess of the rate provided by law. The statute has been amended several times. It was amended in 1927 by six separate and distinct acts. (Laws of 1927, pp. 716-737.) A consolidation of these acts is found in Cahill's Statutes of 1927, page 2142. It was again amended in 1928. (Laws of 1928, p. 66.) These various amendments expressly exclude certain taxes from the scaling process, but city taxes for corporate purposes after they have been increased are not included within the exemptions. Section 1 of article 8 of the City and Village act as originally passed did not provide for an increase in the rate of levy for general corporate purposes but it was later amended, giving a city the right to increase its rate of taxation for general corporate purposes by a vote of the people. The section as amended, however, expressly provided that it should not be held to repeal or modify the limitations imposed by the Juul law. In other words, the act authorizing the increase expressly made such increase subject to the scaling process. This court held that an additional county tax levied pursuant to a vote of the people for the erection of a county building was not exempt from the scaling process under the Juul law. (People v. St. Louis Bridge Co.261 Ill. 103.) The holding was predicated upon the fact that the statute did not exempt such levy from being scaled and therefore the law applied. If the legislature had intended to exempt from the operation of the Juul law city taxes for general corporate purposes after they had been increased such exemption could easily have been made. The fact that certain taxes are expressly exempted, but not including city taxes for general corporate purposes, indicates *Page 176 
that it was not the intention to exempt such taxes. The statute does not exclude such taxes after the increase is voted, and the court erred in overruling the objection.
The record does not disclose the statute under which the park tax was levied. There are two statutes under which it might have been levied. The first one is section 1029 of chapter 24, (Cahill's Stat. 1927, p. 527,) and the other one is section 114 of chapter 105. (Ibid, p. 1797.) Under the first statute the tax for park purposes is expressly exempted from the scaling process under the Juul law, but the maximum rate which can be levied is six cents per $100 of assessed valuation. If the tax was assessed under this statute the rate should be limited to six cents and the ten cent levy was excessive and it was the duty of the county clerk to extend the tax at the rate of six cents. Appellant claims that the levy was made under the second statute. Section 114 of chapter 105 was originally passed in 1907. It has been several times amended. It authorizes cities having a population of less than 50,000 to establish and maintain parks and levy a tax not to exceed one mill on the dollar annually. It makes no reference to the Juul law. The Juul law, as amended in 1927 and 1928, provides that the rate per cent of the tax levy for city purposes in cities having a population of less than 150,000, exclusive of library, school and park purposes and exclusive of taxes levied for the payment of the principal and interest on bonded indebtedness and judgments, and exclusive of taxes authorized by acts which by their terms provide that such taxes shall be in addition to taxes for general purposes authorized by section 1 of article 8 of the City and Village act, shall not be reduced below a rate of 62 2/3 cents per $100 of assessed valuation. Section 2 of the Juul law as amended in 1909 (Laws of 1909, p. 323,) was construed on a similar question in People v. Wabash RailroadCo. 256 Ill. 394. The section at that time was substantially the same as the amendment of 1927, and provided that the *Page 177 
tax was exclusive of library, school and park purposes. This court held that a park tax was subject to be scaled under that section. In People v. Chicago and Eastern Illinois Railroad Co.248 Ill. 596, this court held that under section 2 of the Juul law of 1909 a library tax, while not to be included in the minimum rate of $1.20 per $100 for city purposes fixed by the act, was nevertheless subject to be scaled under section 2 of the act.
Appellee calls attention to People v. Cleveland, Cincinnati,Chicago and St. Louis Railway Co. 267 Ill. 160, which he claims is a later case and announces a different rule from the two cases above specified. There are no conflicts in these cases. The later case merely holds that the three mill tax which cities and villages having a population of less than 50,000 are authorized to levy, must be held, in view of the act of 1913 concerning the reduction of tax levied for city and village purposes, to be in addition to the rate of $1.20 on the $100 assessed valuation which cities and villages may levy annually for corporate purposes.
The tax levied for park purposes in this case was subject to be scaled under the Juul law, and the court was in error in overruling the objection of appellant filed thereto.
The judgment will be affirmed as to the county taxes and will be reversed as to the city and park taxes and the cause will be remanded to the county court, with directions to scale the taxes for city purposes in excess of 66 2/3 cents and to scale the levy for park purposes.