(No. 29992.-

THE PEOPLE *ex rel.* Thomas C. Wilson, County Collector, Appellee, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed March 19, 1947.*

R. C. BECKETT, of Chicago, and DONOVAN D. MC-CARTY, of Olney, for appellant.

R. S. ROWLAND, State's Attorney, of Olney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of Richland county which overruled appellant's objections to taxes for the year 1945, levied against its property for road bonds and interest. An election was held on November 6, 1945, submitting a proposition to the voters of said county on the question of issuing bonds in the amount of $250,000, and an additional tax of twenty-five cents in excess of the statutory limit of twenty-five cents per one-hundred-dollar valuation.

It is contended by appellant that the ballot used did not conform to section 28 of the Counties Act, (Ill. Rev. Stat. 1945, chap. 34, par. 28,) in that it stated the proposition in the affirmative followed by the words "Yes" and "No" in the right-hand margin; further, that the effect of the election was to raise the maximum authorized tax levy above the constitutional limit of seventy-five cents without informing the voter either by notice or ballot that such would be its effect; and that resolutions, notices of election and ballot were in conformity with section 15d of the Roads and Bridges Act, (Ill. Rev. Stat. 1945, chap. 121, par. 19,) which section appellant maintains does not authorize the extension of a tax in excess of either the statutory or constitutional limit. The ballot used was as follows:

Shall Richland County, Illinois, issue Road Bonds in the amount of Two Hundred Fifty Thousand Dollars for the purpose

of constructing State Aid Road Improvements in and for said County as described in resolution adopted by The Board of Supervisors, and shall an additional annual tax be levied upon all the taxable property in said Richland County of Twenty-five Cents (25c), or so much thereof as may be necessary, on each One Hundred Dollars ($100) of assessed valuation of taxable. property, for each of the years 1945 to 1961, inclusive, to provide for the payment of principal of and interest upon said bonds at the rate of Two Per Cent (2%) per annum, said additional annual tax to be in excess of the tax of Twenty-five Cents (25c) per One Hundred Dollars ($100) valuation of taxable property of the County permitted to be levied annually for County purposes without an election, and to be in addition to and in excess of all other taxes authorized or permitted to be levied by said County within the constitutional limitation of Seventy-five cents (75c) per One Hundred Dollars ($100) valuation of taxable property, said bonds to be dated November 1, 1945, to be due in numerical order as follows: $10,000 January 1, 1947, and $15,000 on January 1, in each of the years 1948 through 1963, and to bear interest at the rate of Two Per Cent per annum, payable July 1, 1946 and semi-annually thereafter, all as provided by a resolution of The Board of Supervisors adopted the 9th day of October, 1945.

| Shall County Bonds for Roads be Issued to the Amount of $250,000 and an Additional Tax of Twenty-five Cents in Excess of the Statutory Limit of Twenty-five Cents Per One Hundred Dollars | Yes | |
| Valuation Be Levied for Each of the Years 1945 Through 1961 for the Payment of Interest and Principal of Such Bonds? | No | |

Section 28 of the Counties Act provides for submitting the proposition for the issuance of bonds and additional tax to the voters and provides the form of the ballot. Section 15d of the Roads and Bridges Act provides for the construction of State aid roads by counties, and for submitting the proposition for the issuance of bonds, and also a combined proposition for issuing bonds and levying an additional tax. This section provides for stating the proposition in the affirmative with the words "Yes" and "No"

in the right-hand margin. An examination of the ballot submitted to the voters presents an unnecessary preliminary statement which it seems was for the purpose of informing the voter in more minute details concerning the proposition to be voted upon other than is shown upon the ballot itself. The ballot submitted appears to substantially follow the requirements of section 15d of the Roads and Bridges Act, and, in addition, submits the question of the additional tax of twenty-five cents in excess of the statutory limit of twenty-five cents per one-hundred-dollar valuation to be levied for each of the years 1945 through 1961, for the payment of interest and the principal of the proposed bonds.

Appellant urges that this ballot must be justified under section 28 of the Counties Act, or under section 15d of the Roads and Bridges Act, and insists that, if under section 15d, the election is void. Section 27 of the Counties Act provides for the manner of raising a tax in addition to the statutory limit. Section 27½ provides for the manner of raising a tax in addition to the constitutional limit and for the form of ballot. Section 28 provides for the issuing of bonds and submitting the question of raising additional tax, either in excess of the statutory or constitutional limit, and provides that the questions may be included in one proceeding and provides for the form of ballot for this. Section 15d of the Roads and Bridges Act specifically makes provision for the manner of issuing bonds for the construction of State aid roads. The form of ballot is submitted providing for the authority to issue the bonds and in the same ballot submitting the question of levying an additional tax for the payment of the principal and the interest. Appellant urges that section 15d had been nullified and repealed by the provisions in section 28 of the Counties Act, and that the form of ballot is bad in not conforming to the provisions of section 28. From an examination of these two sections, we are of the opinion that the statutes are not inconsistent but are *in pari*

*materia.* (*People ex rel. Frazier* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 Ill. 459.) An examination of the ballot submitted discloses that it substantially follows the provisions of section 15d of the Roads and Bridges Act, and, in addition, submits the provision of an additional tax of twenty-five cents in excess of the statutory limit of twenty-five cents per one-hundred-dollar valuation. In a former holding, we considered this section and approved the form of ballot as provided in section 15d. (*Natural Products Co.* v. *County of Du Page,* 314 Ill. 74.) Numerous cases have been cited by the appellant in which objection was made to the use of this form of ballot. However, from an examination of these cases, we find the form of ballot there used was held invalid where the proposition submitted was to increase the constitutional limitation by the use of that particular form of ballot, without specifically submitting the question of increasing the constitutional limitation to the voters. We do not find a similar situation here. It is true there is a slight deviation in the form of ballot submitted from the ballot as provided in section 15d, however, the general form is complied with, and we think the deviation has resulted in giving the voter additional information upon the subject submitted, and, if anything, results in a benefit to the voter.

The test to be applied is whether the ballot used gives the voter as clear an alternative to vote for or against the proposition as is given by the form prescribed by statute, and where the only deviation from the statute is that the voter is given more information than the statute requires, the election will be held valid. *Knappenberger* v. *Hughes,* 377 Ill. 126.

Appellant's second objection, challenging the validity of the tax levy to pay road bonds, is that the effect of the election was to raise the maximum authorized tax levy above the constitutional limit of seventy-five cents on the one-hundred-dollar valuation without informing the voter

either by notice or ballot that such would be its effect. Appellant contends that there was authority by statute and the vote of the people of Richland county to levy a tax of sixty-seven cents on the one-hundred-dollar assessed valuation, and that this additional levy of twenty-five cents, authorized by the election objected to, would raise the maximum authorized levy to ninety-two cents, and, deducting seven cents which was the last of a previous bond issue, a maximum authorized levy of eighty-five cents would still be left which is in excess of the constitutional limitation. The levy objected to is a levy of seventy-three cents upon the one-hundred-dollar valuation. Appellant insists that the levy for 1945 is immaterial and urges that the controlling factor is the question of the maximum rate authorized at the time the tax is levied, and that granting that the present rate was seventy-three cents, there would be nothing to prevent the board in the future years from levying the full twenty-five cents authorized, which would exceed the constitutional limitation.

Appellant cites the case of *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.* 375 Ill. 197, as authority for the proposition that the maximum rate authorized at the time the tax is levied controls in determining the question as to whether the constitution has been violated. We find but very little in that case applicable to the question as presented here. The objection there was limited to the sufficiency of the ballot and the court held that as the election of November 6, 1934, was void for want of a proper ballot, the county board was without power to make the excess levy and such levy was therefore void. Other cases cited do not seem to be in point upon this proposition. Here the ballot, as we have pointed out, is proper and provides for an additional tax of twenty-five cents in excess of the statutory limit of twenty-five cents per one-hundred-dollar valuation.

The taxes objected to do not exceed the prohibited rate of seventy-five cents per one-hundred-dollar assessed valuation. There has been no showing made, and it cannot be presumed, that there will be, in the future, a tax levy by the county authorities in excess of seventy-five cents. In other words, we cannot anticipate the violation of the constitutional prohibition upon the limitation of tax assessment. In the case of *People ex rel. Bunch* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 339 Ill. 169, this court said, "The constitutional requirement does not apply until the aggregate of all county taxes, except taxes for indebtedness existing at the time of the adoption of the constitution, shall exceed seventy-five cents. Up to that amount only the statutory requirements are applicable."

The tax as levied by the authorities of Richland county is not in excess of the constitutional limitation and the same is, therefore, a valid levy. For the reasons above stated, the judgment of the county court overruling the objection of the appellant is correct, and, therefore, is affirmed.