(No. 13569.—Reversed in part and in part affirmed.)

THE PEOPLE *ex rel.* Theodore S. Howard, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed February 15, 1921.*

1. TAXES—*county tax, including sanitarium and mothers' pension fund, cannot exceed fifty cent limit.* Taxes for mothers' pension fund and for a tuberculosis sanitarium fund are excepted from the scaling process under the Juul law but they are to be included in the total county tax rate, which cannot exceed the statutory limit of fifty cents on the $100 valuation. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214, and *People* v. *Chicago, Burlington and Quincy Railroad Co.* id. 191, followed.)

2. SAME—*what is a substantial compliance with section 109 of Road and Bridge act as to form of ballot.* The ballot in an election for a special tax for road purposes under section 109 of the Road and Bridge act, as amended in 1917, substantially complies with the statute where it contains the essence of the form given in the statute and embodies the substance or main features of the statutory ballot, although other words are added more particularly describing the purpose of the tax.

3. SAME—*preamble to certificate of levy may be relied upon to show authority for levy.* An objection that a certificate of levy of a special road tax authorized by an election does not conclude with a declaration of the purpose of the levy cannot be sustained where the preamble to the certificate contains sufficient recitals to show the purpose of and authority for the levy, as the preamble is a part of the certificate and may be referred to in determining its meaning.

4. WORDS AND PHRASES—*meaning of the word "substantial."* The word "substantial," as ordinarily used, means essential, material or fundamental.

APPEAL from the County Court of Douglas county; the Hon. D. H. WAMSLEY, Judge, presiding.

JOHN H. CHADWICK, EDWARD C. CRAIG, and DONALD B. CRAIG, (HOMER T. DICK, of counsel,) for appellant.

S. S. DuHamel, and Marion Watson, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Douglas county against the property of appellant, the Chicago and Eastern Illinois Railroad Company, for delinquent taxes.

The property of appellant situated in Douglas county was assessed at $839,277. The county clerk extended as taxes levied against appellant's property four cents for the tuberculosis sanitarium fund, eight cents for the mothers' pension fund and forty-five cents for all other county purposes, making a total of fifty-seven cents on each $100 assessed valuation for all county purposes. No part of said assessment is for indebtedness existing at the adoption of the present constitution and no part of the same had been authorized by vote of the people of Douglas county. The clerk also extended a special tax of sixty-six and two-thirds cents on each $100 assessed valuation for the purpose of improving, maintaining and repairing the earth roads of the town of Bourbon by draining, grading, oil-treating and dragging. The amounts of the delinquent taxes for which judgment was rendered are $587.49 for the county taxes and $1314.77 for the Bourbon oil road tax.

The objection raised by appellant to the county taxes is to the excess over the statutory limit of fifty cents on each $100 valuation, amounting to seven cents on each $100 valuation. Appellant's contention is that the aggregate amount of county taxes for all county purposes, including taxes for the mothers' pension fund and the tuberculosis sanitarium fund, cannot exceed the limit of fifty cents on the $100 valuation as fixed by section 121 of the Revenue law, as amended in 1919. Appellee contends that taxes for the mothers' pension fund and the tuberculosis sanitarium fund may be levied as taxes in addition to the

fifty cent limitation without an authorized vote of the people, and that the taxes for county purposes aforesaid are legal and valid. These contentions present the only questions for consideration as to the county taxes.

The identical questions above presented were considered and decided by this court in the two recent cases of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214, and *People* v. *Chicago, Burlington and Quincy Railroad Co.* id. 191. In the former case it was held that the mothers' pension fund is a county tax and is to be so considered at all times except in the scaling process under the Juul law, and that it is not subject to the scaling process under the Juul law but is to be extended in full within the fifty cent limit. The same holding was made in the latter case above cited with reference to taxes for the tuberculosis sanitarium fund. For the reasons given in those decisions the excess tax of seven cents on the $100 valuation is held to be illegal.

Two questions are presented for our decision under the objections made by appellant to the Bourbon oil road tax: (1) Was the ballot used at the special election by the people authorizing the improvement of the roads a sufficient compliance with section 109 of the Road and Bridge act, as amended in 1917? (2) Does the certificate of the levy made by the commissioner of highways sufficiently follow the petition, notice and ballot to constitute a legal levy of the road tax?

The petition in question was signed by twenty-five per cent of the land owners who are legal voters of the town of Bourbon and was directed to the town clerk of said town. The petition follows the statute and states all of the requisites and no question is made as to its sufficiency. The signers thereof petition for a special election for the purpose of voting on the proposition of levying a special tax of sixty-six and two-thirds cents on each $100 for road purposes, to be levied annually for a period of five years,

to improve, maintain and repair the earth roads therein described, by draining, oil-treating and dragging. In pursuance of the petition the town clerk called a special election to be held on December 16, 1919, by posting notices as required by the act of 1913 relating to elections for hard roads and for borrowing money, as amended in 1917. (Laws of 1917, p. 710.) The ballot used in the election is in the following form:

| For special tax of sixty-six and two-thirds cents on each one hundred dollars, assessed valuation, including railroads, for a period of five years, for | YES | |
| the purpose of improving, maintaining and repairing the earth roads hereon described by draining, grading, oil-treating and dragging. | NO | |

The election returns showed 128 votes for the special tax and 18 votes against it.

Section 109 of the Road and Bridge act provides: "The ballots at said election shall be substantially in the following form:

| Shall a special tax for road purposes be levied? | YES | |
| | NO | |

"

By this section the officer whose duty it is to prepare and furnish ballots for the voters is directed to furnish a ballot substantially in the form of the one given in the statute. The word "substantial," as ordinarily used, means essential, material or fundamental. A substantial copy of the form of the ballot designated in the statute must evidently be one that contains the essence of the form in the statute,—one giving the correct idea but not necessarily the exact expressions in the statutory form. The words of the statute, "the ballots at said election shall be substantially in the following form," necessarily convey the idea that the ballot to be used or voted by the voters is not required to be an accurate or exact copy but one which embodies or contains the substance or main features of the ballot found

in the statute. The legislature evidently did not intend that every word of the statutory form should be found in the form furnished the voter, and if enough of the words found in the statutory form, coupled with other apt words, are printed on the ballot furnished to the voter that will mean the same thing to all of the voters as the words used in the statutory form, the statute will be substantially complied with. In the ballot voted by the voters there are three words omitted that occur in the statutory form, "shall" and "be levied." A period is used at the end of the words of the ballot used by the voters instead of a question mark. All of the other essential words of the statutory form, "special tax for road purposes," and the words "Yes" and "No" in the square to the right of the words, are in the ballot to which the objection is made. A number of other words are used in the ballot objected to that fully explain to the voter the exact nature of the question to be voted on, and the proposition printed on the ballot gives him much more information concerning the exact proposition upon which he is to vote than the statutory form does. The proposition was put in such a way to the voter that when he marked his ballot he would necessarily answer the full proposition that was to be submitted to him in the statutory form. Every voter that voted "Yes" at the election said, in substance, by that act, "Yes, I am for a special tax of sixty-six and two-thirds cents, for a period of five years, for the purpose of improving, maintaining and repairing the earth roads described on this ballot [the ballot voted on its face described all of the roads by printed words just beneath the proposition voted] by draining, grading, oil-treating and dragging." Those persons that voted "No" simply answered that they were not for the proposition just quoted. The proposition voted on by the voters necessarily carried with it to every voter the further idea that he was called on to say whether or not those roads should be built and maintained by taxation of the

property of the district. In other words, every voter that voted at the election answered the special question found on the statutory ballot as fully and as completely by voting the ballot furnished him as he would have done if the statutory form had been voted. The ballot furnished him gave him more information than the statutory-form ballot would have done. The ballot voted was in such form as to allow him to vote either for or against the statutory proposition, in accordance with his inclination. Every voter at the election by his vote answered the statutory provision fully, completely and understandingly. We therefore think that the ballot ought to be held to be in substantial compliance with the statute.

A number of cases are cited where this court has held that when a statute prescribes an exact form for the ballot to be voted the same is mandatory. Other cases have been cited where the ballot voted by the voter, besides deviating from the form given in the statute, was put in such form as to give the voter the opportunity of voting only for the affirmative proposition by checking after the word "Yes" and denied him the privilege of voting against the proposition, because by checking after the word "No" his vote could only be interpreted to mean, "I am not against the proposition." These propositions were usually doubly written, the word "For" being in front of one proposition and the word "Against" in front of the other. We do not think that the holdings in those cases are controlling in this case, where a substantial compliance with the statute as to the form of the ballot is all that is required.

Section 110 of the Road and Bridge act provides: "If a majority of all the ballots cast at said election on said proposition shall be in favor of said special tax, then it shall be the duty of the commissioner of highways of the township or road district to levy an annual tax in accordance with said vote and certify the same to the county clerk." The last paragraph of the certificate of levy of the com-

missioner of highways for said town reads: "Therefore, by virtue of the authority vested in me by the statute, resulting from said special election, I, John Watson, commissioner of highways in and for the said township of Bourbon, do hereby certify that I have levied, and do hereby levy, a special tax of sixty-six and two-thirds cents on each $100 assessed valuation of all property in said township, including railroads, beginning with the present year, to be extended annually at said rate for and during the said period of five years." The first part of the certificate, in the form of a preamble, recites the fact that twenty-five per cent of the land owners who are legal votters in said town filed the petition aforesaid in the office of the town clerk on December 2, 1919. It also recites the provisions of the petition, stating that the special election in said town is for the purpose of voting on the proposition to levy a special tax for a period of five years at the rate of sixty-six and two-thirds cents on each $100 assessed valuation of all property, for the purpose of improving, maintaining and repairing earth roads of said town by draining, grading, oil-treating and dragging, as provided in said amended act of the legislature. The preamble also recites all the other provisions of the petition, and that an election was called and held as provided by the statute, by giving notice. It recites also that the election was held and where it was held and gives the result of the election.

As already stated, the last paragraph of the certificate stated that a levy was made by virtue of the authority vested by the statute, "resulting from said special election." In other words, it shows conclusively that the levy is in pursuance of said election and under the authority thereof and by virtue of the statute. It states fully and clearly the amount levied and the number of years for which levied. The specific objection is that the certificate did not conclude with a declaration that the levy was made for

the purpose of levying and collecting taxes for the purpose of improving, maintaining and repairing the earth roads by draining, grading, oil-treating, etc. An examination of the certificate shows conclusively, by reference to the preamble and the matters therein recited, that the levy was made pursuant to the authority given by the statute and by reason of the filing of the petition and of the other things recited in the preamble. The law in reference to statutes, regarding the office of the preamble, and which by analogy can be applied to the force and effect of the preamble to a levy, is that the preamble is placed upon an equal footing with any particular clause of the act itself, and is within the rule that every particular clause of an act is to be considered in determining its meaning. (Lewis on Stat. Const.— 2d ed.—sec. 341.) If we accept the argument of the appellant as correct that the last paragraph of the levy is so generally uncertain as to present no purpose for which the tax is to be used the above rule of law is applicable by analogy, and the preamble must necessarily be looked to in order to determine the intention and purpose of the commissioner in making the levy. The levy refers to the special tax, and by reference the special tax relates to that described in the preamble. The levy and the rule of law regarding its formulation are made with the purpose of protecting the public by giving notice of the purpose of the levy. That this levy serves that function fully cannot be questioned. The objections to the hard road taxes for the foregoing reasons were properly overruled by the court.

The judgment of the county court is reversed as to the seven cents excessive county tax and is affirmed as to the special town tax. *Reversed in part and in part affirmed.*