(No. 25939.

THE PEOPLE *ex rel.* Willis A. Burkholder, County Collector, Appellee, *vs.* THE PEORIA AND EASTERN RAILWAY COMPANY *et al.* Appellants.

*Opinion filed December 16, 1940.*

R. C. DeMange, (Samuel W. Baxter, Charles P. Stewart, and Thomas A. McCormack, of counsel,) for appellants.

Bernard E. Wall, State's Attorney, and Arlo E. Bane, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

This appeal is from a judgment of the county court of McLean county which overruled appellants' objections to a part of the county tax levied against their property in 1938 to be collected in 1939. The tax involved was that part of the county tax levied for the maintenance of a county tuberculosis sanitarium. It was in excess of the statutory

limit of twenty-five cents on the $100 assessed valuation which a county board may levy for county purposes. At an election held November 6, 1934, an affirmative vote was cast in favor of levying, for each of the years 1935 to 1944, inclusive, a tax in excess of the statutory limit of twenty-five cents per $100 assessed valuation, such additional tax not to exceed one and one-half mills and to be used for the maintenance of the county tuberculosis sanitarium. Appellants' objection to the election proceedings is limited to the sufficiency of the ballot. The ballot used was in the following form:

### COUNTY TUBERCULOSIS SANATORIUM TAX BALLOT

| | | |
|---|---|---|
| Shall there be levied an additional tax on all the taxable property in McLean County, Illinois, as assessed and equalized for State and County purposes, for the years 1935, 1936, 1937, 1938, 1939, 1940, 1941, 1942, 1943, and 1944, for the purpose of maintaining the McLean County Tuberculosis Sanatorium; said additional tax to be in excess of the statutory limit of $.25 per $100.00 | YES | |
| assessed valuation authorized by Section 25 of "An Act to Revise the Law in Relation to Counties," approved March 31st, 1874, as subsequently amended; said additional tax not to exceed one and one-half mills on the dollar of the assessed valuation of all of the said taxable property in McLean County, Illinois? | NO | |

The election was held pursuant to section 27 of the Counties act (Ill. Rev. Stat. 1939, chap. 34, par. 27) which provides that when the county board deems it necessary to levy a tax (for county purposes) in excess of the statutory limit of twenty-five cents as provided in section 25 of the Counties act, the board may take steps to have the proposal of levying the additional tax submitted to referendum. The

pertinent provisions of the statute are "Upon the submission of such question, the votes cast in favor of the proposition shall be "For additional tax in excess of statutory limit of ...... cents per one hundred dollars valuation" and those opposed shall be "Against additional·tax in excess of the statutory limit of ...... cents per one hundred dollars valuation."

It is well settled that where the statute declares the form of ballot, section 16 of the Ballot law does not apply. (*People* v. *Grabs,* 373 Ill. 423; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 id. 180.) The ballot used at the election did not submit the question to be voted upon in the form prescribed by section 27. The negative of the proposition was not stated as required by the section. In *People* v. *Myers,* 256 Ill. 529, where a similar objection was made to the form of the ballot used in voting on a special road tax, it was held the failure of the ballot to contain the negative of the proposition was a matter of substance rendering the election void. In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra,* this court had before it the sufficiency of a resolution, notice and ballot used in an election called under the same section of the statute involved in this case and it was there held that the form of the ballot must conform to the statutory mandate and a failure to observe such provision of the law was matter of substance and rendered the election void. To the same effect are *People* v. *La Salle Street Bank,* 269 Ill. 518, and *People* v. *Grabs, supra.*

Appellee contends the form of ballot was in substantial compliance with the statute and relies upon what was said in *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 372 Ill. 38. The objection to the ballot in that case was as to the omission of certain words from the proposal. It was held that such defect was not a matter of substance and that the ballot used was in substantial compliance with the statute. The ballot contained both the affirmative and

negative of the proposition to be voted upon as was required by the statute. What was said in that case is not applicable to the question presented. Under the rules announced in the cases cited, the election of November 6, 1934, was void, and the expression of the will of the voters conferred no authority to make a levy in excess of twenty-five cents on the $100 assessed valuation.

The Sixty-First General Assembly passed an act entitled "An act validating elections in relation to county tuberculosis sanitaria" (Ill. Rev. Stat. 1939, chap. 34, par. 175j) and an act entitled "An act concerning the levy of county taxes to defray expenses of providing sanitarium facilities for tuberculosis patients" (Ill. Rev. Stat. 1939, chap. 34, par. 175k) both of which acts became effective in July, 1939.

Appellee contends one or the other of said acts cured the defect in the ballot and authorized the additional levy for sanitarium purposes. The facts, all of which were stipulated, show that the county of McLean established a tuberculosis sanitarium sometime prior to the election of November 6, 1934, and for some time prior thereto had maintained such sanitarium. Assuming, as the stipulation does, the voters had duly authorized the establishment of a sanitarium in a county of less than 135,000 population, the county board had no power to levy, without a vote of the people, a tax in excess of the limitation contained in subdivision 5 of section 25 of the Counties act, (Ill. Rev. Stat. 1939, chap. 34, par. 25) of twenty-five cents on the $100 assessed valuation, or in excess of the constitutional limitation of seventy-five cents on the $100 valuation provided in section 8 of article 9. Any levy in excess of the statutory limitation of twenty-five cents on the $100 valuation was void, unless authorized by an affirmative vote of the people at an election held pursuant to section 27, *supra*. The election of November 6, 1934, being void for want of a proper ballot the county board was without power to make the excess levy and such levy was therefore void.

It is well established that the maximum rate authorized at the time the tax is levied by the tax board controls over a rate that may be permitted or authorized at some subsequent date. *People* v. *Baum*, 367 Ill. 249; *People* v. *Chicago and Northwestern Railway Co.* 340 id. 102; *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 id. 452; *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* 316 id. 410.

The rule which recognizes the power of the legislature to validate, by a curative law, proceedings which it might have authorized in advance, is limited to the case of the irregular exercise of a power. It can not, by curative legislation, supply the lack of power where none existed in the first instance. A tax levy made by a taxing body acting without statutory authority to make such levy can not be validated by a curative act. *People* v. *Baum, supra; People* v. *Illinois Central Railroad Co.* 310 Ill. 212.

If the acts of 1939 were given the effect for which appellee contends, the result would be that the statutory authority which the county board did not have in 1938 to make a valid excess levy would be supplied by the curative acts of 1939. Under the authorities cited this can not be done.

It is not necessary to decide in this case the effect the curative acts of 1939 would have upon excess levies made subsequent to the adoption of the acts. The opinion is expressly limited to the effect of the curative acts of 1939 upon the excess levy of 1938. Nor is it necessary to pass upon the other points made by the appellants attacking the applicability of the curative acts and their validity.

For the reasons stated, the judgment of the county court is reversed and the cause remanded, with directions to enter a judgment in accordance with the views expressed.

*Reversed and remanded, with directions.*