(No. 26214.—

HARVEY C. KNAPPENBERGER, Appellant, *vs.* EDWARD J. HUGHES, Secretary of State, *et al.* Appellees.

*Opinion filed June 17, 1941.*

GROVER C. HOFF, for appellant.

GEORGE F. BARRETT, Attorney General, E. C. MACK, and STELLE, O'NEILL & HICKS, (P. C. OTWELL, and SAMUEL B. HICKS, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The question presented on this appeal is whether the purported amendments to sections 11 and 12 of the Banking act (Ill. Rev. Stat. 1939, chap. 16½, pars. 11, 12) passed by the Sixty-first General Assembly (Laws of 1939, p. 290) and submitted to a vote of the people at the general election held November 5, 1940, were validly adopted. It is claimed that the election at which the voters approved the amendments was invalid because of certain "statements and suggestions" concerning the proposed amendments which were prepared by the Secretary of State and which were printed on the ballots.

The amendatory act provided that the Secretary of State should submit the proposed amendments to a vote of the people in accordance with section 5 of article 11 of the constitution of 1870; that in accordance with section 16 of the Ballot act (Ill. Rev. Stat. 1939, chap. 46, par. 305) the "question shall be stated 'Shall an Act to

amend Sections 11 and 12 of "An Act to revise the law with relation to banks and banking," approved June 23, 1919, as amended, be adopted?'" The quoted question was submitted to the voters *verbatim*, and was as follows:

AMENDMENT TO GENERAL BANKING ACT

| | | |
|---|---|---|
| Shall an Act to amend Sections 11 and 12 of "An Act to revise the law with relation to banks and banking," approved June 23, 1919, as amended, be adopted? | YES | |
| | NO | |

However, immediately above this proposition the ballot contained the following:

"STATEMENT AND SUGGESTIONS ON THE ACT PROPOSING AN AMENDMENT TO SECTIONS 11 and 12 of 'AN ACT TO REVISE THE LAW WITH RELATION TO BANKS AND BANKING,' APPROVED JUNE 23, 1919, AS AMENDED.

The purpose of the foregoing Act is:

(1) Permits the organization of banks within a city, village or incorporated town of 2,500 or less inhabitants with a capital stock of $25,000.00, provided no bank exists in such place at the time the application to organize is filed with the State Auditor.

(2) Requires the board of directors, managers or trustees of any corporation having any banking powers to call a special meeting of the stockholders for the purpose of changing the par value of the bank shares. Prohibits the change of the place of business of any bank or banking institution without first complying with the capital requirements of this Act."

It is urged that because of this insertion, the ballot was not in the form prescribed by the General Assembly, and, therefore, the election was invalid and the proposed amendments to the Banking act were void. This statement was put on the ballots by the various county clerks at the direction of the Secretary of State. It is conceded no authority was conferred on the Secretary of State to include the

statement and suggestions on the ballot. The controverted issue is whether this was mere surplusage or whether it rendered the election invalid.

The cases relied upon by appellant to support his argument that there was a substantial variance from the form of ballot prescribed by statute which rendered the election void are *People* v. *Grabs,* 373 Ill. 423, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 id. 180, and *People* v. *Myers,* 256 id. 529. *People* v. *Peoria and Eastern Railway Co.* 375 Ill. 197, announces the same rule laid down by those cases and will be considered with them. In *People* v. *Grabs,* the vote was on the adoption of the Fire and Police Commissioners act, and the form of ballot to be used was prescribed in that act. It required that the ballot contain a statement "For the adoption of the provisions of an act," etc., with a space on the right for the cross of the voter; and that below this affirmative statement the ballot should recite "Against the adoption of the provisions of an act," etc., with a similar space on the right for the cross of the voter. The ballot actually used was in the form prescribed by section 16 of the Ballot act, (Ill. Rev. Stat. 1939, chap. 46, par. 305,) which is:

| Shall (here print the substance of the public measure) | YES | |
| --- | --- | --- |
| | NO | |

The holding was that the failure to comply substantially with the form prescribed by the statute rendered the election void. This same variance was presented in *People* v. *Peoria and Eastern Railway Co. supra,* and was held to void the election. The same principle was applied in *People* v. *Myers, supra,* and the election was held void because the ballot used did not contain the negative of the proposition, as required by the statute. In *People* v. *Cleveland,*

*Cincinnati, Chicago and St. Louis Railway Co. supra,* the proposition on the ballot was not in the form prescribed by statute, but what constituted the variance does not appear from the opinion. However, the holding in that case was that the election was void because there was a substantial and material variance between the resolution and the ballot, and for that reason is not in point here. (See *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 372 Ill. 38.) The basis of the holdings in the first three cases discussed is that the failure to state the proposition in both the affirmative and negative form voided the election, and not that a mere failure to state the proposition in the exact language prescribed by the statute made it void. Thus this court said in *People* v. *Myers, supra:* "These ballots did not substantially conform to the form prescribed by the statute. The negative of the proposition did not appear upon them. * * * A failure to comply with the provisions of the law in a matter of substance in conducting an election renders the election void. It is a matter of substance in this case to omit the negative of the proposition voted upon, even though another method of indicating the negative than that authorized by law is provided." And in *People* v. *Peoria and Eastern Railway Co. supra,* it was said: "The ballot used at the election did not submit the question to be voted upon in the form prescribed by section 27. The negative of the proposition was not stated as required by the section." This is also evident from *People* v. *Grabs, supra,* which discussed and expressly approved *People* v. *Chicago and Eastern Illinois Railroad Co.* 296 Ill. 246. In this latter case it was said that the "other cases cited" were those in which "the ballot voted by the voter, besides deviating from the form given in the statute, was put in such form as to give the voter the opportunity of voting only for the affirmative proposition by checking after the word 'yes' and denied him the privilege of voting against the proposition, because by checking after the word 'No' his vote could only be interpreted to

mean, 'I am not against the proposition.' These propositions were usually doubly written, the word 'For' being in front of one proposition and the word 'Against' in front of the other." It was held those cases were not controlling in the situation there presented. There the election was held under the Road and Bridge act, which provided the ballot should be in substantially the following form:

| Shall a special tax for road purposes be levied? | YES | |
|---|---|---|
| | NO | |

The ballot actually used had the same "YES" and "NO" but was worded: "For special tax of sixty-six and two-thirds cents on each one hundred dollars, assessed valuation, including railroads, for a period of five years, for the purpose of improving, maintaining and repairing the earth roads hereon described by draining, grading, oil-treating and dragging." It was held this was a substantial compliance with the statute and the election was valid. This court stated that the ballot is not required to be an accurate or exact copy but one which embodies or contains the substance or main features of the ballot found in the statute is sufficient, and then said: "The proposition printed on the ballot gives him much more information concerning the exact proposition upon which he is to vote than the statutory form does. The proposition was put in such a way to the voter that when he marked his ballot he would necessarily answer the full proposition that was to be submitted to him in the statutory form." It was pointed out that it was clear what the voter meant when he voted yes or no, and again: "The ballot furnished him gave him more information than the statutory-form ballot would have done. The ballot voted was in such form as to allow him to vote either for or against the statutory proposition, in accordance with his inclination." *People* v. *Baltimore and Ohio Southwestern Railroad Co. supra,* also held valid

an election in which the ballot used varied in language from the form prescribed by statute.

It is clear from a consideration of the above cases that not every deviation from the form of ballot prescribed by the applicable statute will render an election void. The reason underlying the cases holding the elections void is that the voter was not given as clear an alternative to vote for or against the proposition by the ballot used as he would have had if the statute had been followed and the proposition stated in both the affirmative and negative. If the alternative is plain and it is equally evident what the voter is voting for or against, from the proposition as stated in the ballot used, and the only deviation from the statute is that the voter is given more information than the statute requires, the election will be held valid.

Applying these principles to the case before us, it will be seen that the proposition found on the ballot was exactly the same as that prescribed by the amendatory act. Therefore, not even the objections which were overruled in the *Chicago and Eastern Illinois Railroad case, supra,* and the *Baltimore and Ohio Southwestern Railroad case, supra,* can be urged here. The additional information furnished the voter in this case, though it appeared on the ballot, was not inserted as part of the proposition to be voted upon. Here, as in the *Chicago and Eastern Illinois Railroad case, supra,* the deviation consisted only in giving the voter more information than the prescribed ballot contained. Paragraphs 9, 10 and 11 of chapter 7½ of our statutes (Ill. Rev. Stat. 1939, chap. 7½, pars. 9, 10, 11) provide that whenever any constitutional amendment or other proposition required by law to be voted upon before its adoption, shall be submitted to the people, "It shall be the duty of the Secretary of State to prepare a statement setting forth in detail the section or sections of the constitution or law sought to be amended by said vote, *together with such statements and suggestions as may be necessary for a proper*

*understanding of said proposition,* which said statements and suggestions shall be submitted to the Attorney General for his approval." The Secretary of State is directed, on obtaining such approval, to certify said statements and suggestions to each county clerk, and the county clerks are directed to have them published and posted at the same time, in the same manner and at the same places that the sample ballots and instructions to voters are required by law to be posted. Appellant's contention that these provisions are inconsistent with section 15½ of the Ballot act (Ill. Rev. Stat. chap. 46, par. 304a) which relates only to constitutional amendments, and are repealed by implication, is without merit. It does not appear whether the Secretary of State obtained the approval of the Attorney General, as required by statute, but it will be presumed that he performed this official duty. Though it cannot be contended the statute above quoted authorized the Secretary of State to have the statements and suggestions printed on the ballot, it is clear it was his duty to prepare them and have them published and posted "in the same manner and at the same places that the sample ballots and instructions to voters are required by law to be posted." The obvious purpose of these provisions was to enlighten the voters as to the contents of the proposed amendments on which they were to vote in order that they might vote on them more intelligently. It would have been impossible for the voters to ascertain from a reading of the proposition as prescribed by statute, and as written on the ballot, even a faint idea of what changes in the law they were asked to approve or disapprove. The Secretary of State was under a duty to prepare and have distributed, to a limited extent, this information. Though he overstepped his authority in having it placed on the ballot above the proposition to be voted on, the error was on the side of giving the voters more information and, if not stated so as to mislead them, it affords no ground for declaring the election void.

Appellant argues that the statements and suggestions are inaccurate and unfair, but we think this contention is unfounded. The sections, both before and after the proposed amendments, are long and it would serve no useful purpose to set them forth in this opinion. Most of appellant's argument is that the statements and suggestions are not sufficiently detailed. It is true they could have been made more enlightening by going into greater detail, but a failure to do that will not alone void the election, as long as no misleading impression is thereby given. The only statement claimed to be misleading is the one which reads: "Requires the board of directors * * * to call a special meeting of the stockholders for the purpose of changing the par value of the bank shares." Actually this requirement applies only if it is desired to change the par value of the stock; it is not an absolute requirement that a meeting be called for the purpose of effecting such change. We do not think that statement misled the voters, but that the natural interpretation to be placed on it is that such a meeting will be necessary only if it is proposed to change the par value.

The decree of the circuit court of Sangamon county dismissing the complaint for injunction is affirmed.

*Decree affirmed.*