(No. 28550.—

THE PEOPLE *ex rel.* Jack De Rosa, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed May 23, 1945—Rehearing denied Sept. 17, 1945.*

HADLEY & LEREN, of Wheaton, and NELSON TROTT-MAN, of Chicago, for appellant.

LEE E. DANIELS, State's Attorney, of Wheaton, (CHAPMAN & CUTLER, and CARLTON L. FISCHER, both of Chicago, EDGAR F. THOMA, of Elmhurst, and ROBERT J. SCOTT, of Glen Ellyn, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the Chicago and North Western Railway Company from orders entered by the county court of Du Page county, overruling its objections to taxes. The items of taxes involved are the amounts levied by the districts and extended by the county clerk for school districts Nos. 87 and 88, for educational purposes, and the amounts levied and extended for both educational and building purposes in district No. 95, in addition to the statutory rates authorized, without the approval of the voters of the districts.

The levying of the additional rates is claimed by appellee to have been authorized by the voters in said districts at elections held therein in 1940, 1936 and 1938, respectively. The validity of the additional taxes extended in each district depends upon the legality of the ballots

used in said elections. The form of the ballots used in the election held in district No. 95 is as follows:

(Place a cross (X) in the space to the right of the word indicating the way you desire to vote.)

| The proposition to levy a tax annually upon all the taxable property of District No. 95, Du Page County, Illinois, of not to exceed one and one-half percentum (1½%) upon all the taxable property of said District for educational purposes. | For | |
| | Against | |

The ballots used in districts 87 and 88 are, in all material respects, substantially in the same form.

In *People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490, we pointed out that the form of ballots used in a school election of this kind is prescribed by section 16 of the Ballot Law; (Ill. Rev. Stat. 1939, chap. 46, par. 305,) that under this section of the statute the requirement that "two spaces shall be left at the righthand side of said column, one for the votes favoring the public measure, to be designated by the word, 'Yes,' and one for the votes opposing the measure, to be designated by the word, 'No,' as in the form herein given," is mandatory. This requirement is a matter of substance. A failure to comply therewith renders the election void. The ballots used in the elections involved in this case did not comply with this mandatory requirement of the statute. That case is, therefore, decisive of this case. The argument here made by appellee to sustain the taxes was rejected in that case. The elections were invalid and did not authorize the additional rates.

Appellee, however, relies upon a validating act passed by the General Assembly in 1943. (Ill. Rev. Stat. 1943, chap. 122, par. 407.2.) It is unnecessary to consider this validating act further than to point out that the taxes objected to in this case were levied in 1942. At the time

the additional rates were levied, the school districts were without authority, because of the invalidity of the elections, to levy taxes at the additional rates. The rule which recognizes the power of the legislature to validate, by a curative act, proceedings which it might have authorized in advance, is limited to cases of the irregular exercise of a power. It cannot, by curative legislation, supply the lack of power when none existed in the first instance. Regardless of the question of whether or not the curative act was effective to cure defects in the elections to the extent that it would authorize a levy of taxes at the additional rates in the future, it did not validate levies made at the additional rates prior to its passage. Taxes levied by a taxing body, when no power to levy such taxes exists at the time the levy is made, cannot be validated by a subsequent curative act. *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.* 375 Ill. 197.

Where the school districts had no power to levy taxes at the additional rates at the time the levies were made, to hold that the validating act subsequently passed was effective as validating the levies would be to approve a tax imposed upon the people of the districts by the General Assembly in contravention of sections 9 and 10 of article IX of the constitution. *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594.

The validating act relied upon was, therefore, wholly inoperative to give validity to the taxes levied at the additional rates prior to its enactment. The taxes were levied when the taxing bodies were without authority to levy such additional rates, and were unauthorized.

The judgment of the county court of Du Page county is reversed and the cause is remanded to that court with directions to sustain the objections.

*Reversed and remanded, with directions.*