(Nos. 43359, 43360 cons.—

THE PEOPLE *ex rel.* Joe Davis, County Collector, Appellee, *vs.* CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *et al.,* Appellants.

*Opinion filed April 1, 1971.*

RICHARD O. HART, of HART AND HART, of Benton, for appellants.

GERALD D. OWENS, of Benton, for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In these cases which have been consolidated for decision, the Illinois Central Railroad Company and the Chicago, Burlington and Quincy Railroad Company each filed written objections to various Tyrone Township taxes for 1968 which they paid under protest. The circuit court of Franklin County overruled the objections and on April 6, 1970, entered judgment for the taxes. The objectors appeal directly to this court. See our Rule 302(a)(1), 43 Ill.2d R. 302 (a)(1).

Each objector, on the basis of the same grounds and argument, challenges the authority of the county collector to extend taxes for the "Town Fund", the "General Assistance Fund", and the "Illinois Municipal Retirement Fund". The Illinois Central Railroad Company also objects to the extension of taxes for the "Special Road Tax Fund". The Chicago, Burlington and Quincy Railroad Company objects separately to a portion of the .165 rate extended for the "Road Tax Fund".

In the three common objections, the railroads challenge

the sufficiency of the document which purportedly authorized extension of the taxes. Section 157 of the Revenue Act provides: "The provisions of this Section shall apply only to taxing bodies containing less than 500,000 inhabitants. The proper authorities of towns, townships, districts and incorporated cities, towns and villages, collecting taxes under the provisions of this Act, shall, annually, on or before the second Tuesday in September, unless some other date is fixed by some other Act for the certifying of taxes for such taxing unit, certify to the county clerk the several amounts which they severally require to be raised by taxation." (Ill. Rev. Stat. 1967, ch. 120, par. 638.) The Township Organization Act provides that the town clerk, "shall, annually, at the time required by law, certify to the county clerk the amount of taxes required to be raised for all town purposes." (Ill. Rev. Stat. 1967, ch. 139, par. 114.) The county clerk extended the taxes on the basis of a document filed with him on April 4, 1968, signed by the "Moderator" and the "Clerk of the Meeting", reporting the levy adopted by the electors at the annual town meeting. It was stipulated that the document was not a certified copy of the levy. An amendment of the document, including the signature of the town clerk, was filed with the county clerk on November 17, 1969, and admitted in evidence over objection. In its final order, the trial court ruled that the township had substantially complied with section 157 of the Revenue Act, and that any defect in the certificate of levy was cured by the amendment, pursuant to section 236 of the Revenue Act. The objectors contend it was error to permit amendment of the document to legitimatize it under the statutes requiring certification by the town clerk. In our opinion, the curative amendment was properly admitted, and the objections properly overruled. Section 236 states: "In all judicial proceedings of any kind for the levying and collection of taxes, no error or informality of any officer or officers in making any tax levy or in certifying or filing the same not affecting the substantial

justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax and where such an error or informality in a levy, its certification, filing or publication can be corrected by amendment, or a levy can be sufficiently itemized, the purpose defined and made certain by amendment, made prior to the entry of any order of court affecting said levy or the collection of taxes thereon, such amendment or amendments, certification, filing or publication may be made by the proper officer or officers or corporate or other governing authorities of the taxing bodies affected and the ordinance, resolution, publication or certificate, respectively, as amended, certified, filed or published, shall, upon proof of such amendment or amendments, certification, filing or publication being made to the court, have the same force and effect as though originally adopted, published, filed and certified in the amended form: Provided the aggregate amount or rate of the original levy shall not be thereby increased. No statute now or hereafter enacted terminating the time within which appropriations or tax levies may be made, published, certified or filed, shall apply to any republication, recertification or refiling, or to any amendment or revision authorized or permitted by this section unless such statute shall specifically and expressly repeal, modify or amend this section." Ill. Rev. Stat. 1967, ch. 120, par. 717.

The objectors do not contend that they have been injured by the town clerk's failure to certify the levy at the proper time. Neither the validity of the levy nor the accuracy of the document upon which the taxes were extended is questioned. Indeed, the objectors maintain that the document initially filed with the county clerk was the original levy itself. Where the county clerk has acted on the basis of an admittedly accurate document revealing a valid levy, it is our opinion that the absence of the town clerk's certification constitutes an "error of * * * [the town clerk] * * * in certifying" within the intended scope of section 236, which may be cured by subsequent amendment. Any pre-

vious suggestions to the contrary in *People ex rel. Schmulbach* v. *Illinois Central Railroad Co.*, 400 Ill. 303, or elsewhere, are no longer valid.

The separate "Road Tax Fund" objection of the Chicago, Burlington and Quincy Railroad is not argued on appeal, and we deem it to be waived. This leaves for disposition only the objection of the Illinois Central Railroad to the "Special Road Tax". This tax was purportedly authorized. by a vote of the electors pursuant to division 6 of the Highway Code (Ill. Rev. Stat. 1967, ch. 121, par. 6—601) which provides: "The ballots at such election shall be substantially in the following form:

| Shall a special tax for road purposes be levied? | YES | |
|---|---|---|
| | NO | |

"

It was stipulated that the ballot actually used provided for votes "for" and "against" the proposition. Citing *People ex rel. De Rosa* v. *Chicago and Northwestern Railway Co.*, 391 Ill. 145, the objector contends that this deviation from the statutory form voids the election. In *De Rosa*, the ballot form was as prescribed by section 16 of the Ballot Law (Ill. Rev. Stat. 1939, ch. 46, par. 305, now par. 16—7)., which stated as follows: "* * * the substance of such public measure shall be clearly indicated on a separate ballot, and two spaces shall be left upon the right-hand margin therof, one for the votes favoring the public measure, to be designated by the word, 'Yes', and one for the votes opposing the measure, to be designated by the word, 'No', as in the form herein given:

| Shall (here print the substance of the public measure). | YES | |
|---|---|---|
| | NO | |

"

The court found the words 'Yes' and 'No' to be mandatory, and voided the election, on the authority of *People ex rel.*

*Henry* v. *New York Central Railroad Lines,* 381 Ill. 490. However, in *Henry,* also a ballot law case, the deviation was far greater. The proposition was stated twice, once preceded by the word, "For", and once preceded by the word, "Against"; each statement was followed by a square. The language of the court's holding in *Henry,* upon which the strict ruling in *De Rosa* was based, was intended to emphasize the format rather than the precise wording of the ballot. The court observed that, "The basis of all the holdings of this court in cases involving the form of the ballot would seem to be, as stated by Mr. Justice Farthing in the case of *Knappenberger* v. *Hughes,* 377 Ill. 126, that the submitting of the proposition in both the affirmative and negative form when the statute so provides, and the submitting of the proposition in one form only, with the words opposite 'yes' and 'no,' when the statute so provides, are mandatory requirements, the failure to comply with which will render the election void, and that these requirements are matters of substance. Not every deviation from the form of ballot prescribed by the applicable statute will render an election void, but to have such effect the deviation must be in a matter of substance. (*Knappenberger* v. *Hughes, supra.*)" (381 Ill. at 494-5.) Thus the court in *Henry* (see also *People ex rel. Downs* v. *Scully,* 408 Ill. 556; *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.,* 375 Ill. 197; *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423) merely applied the converse of the principle stated in *Knappenberger,* and derived from several earlier cases: "that the failure to state the proposition in both the affirmative and negative form voided the election, and not that a mere failure to state the proposition in the exact language prescribed by the statute made it void." (*Knappenberger* v. *Hughes,* 377 Ill. 126, 130.) The *Knappenberger* opinion also placed reliance upon the court's observation in *People ex rel. Howard* v. *Chicago and Eastern Illinois Railroad Co.,* 296 Ill. 246, that many instances where a deviation in ballot form voided the

election have involved ballots which stated a proposition twice, once preceded by "For", followed by a square marked "Yes", and once preceded by "Against", followed by a square marked "No". In such instances, the deviation deprived the voter of an opportunity to cast a negative vote, since a mark in the "No" box would mean, "I am not against the proposition."

From our review of *De Rosa* and its underlying authority, we are of the opinion that the ruling in *De Rosa* should not be considered controlling. We find no substantial deviation here from the statutory format, and there is no contention or likelihood that the deviation in wording confused the voters or obstructed them in voting either for or against the proposition, in accordance with their inclinations. These factors have often been considered, and, in our opinion, are more relevant than, and preferable to, the elevation of form over substance. (*Dick* v. *Roberts*, 8 Ill.2d 215; *People ex rel. Kramer* v. *Chicago, Rock Island and Pacific Railroad Co.*, 6 Ill.2d 266; *People ex rel. Wilson* v. *Illinois Central Railroad Co.*, 396 Ill. 510; *Knappenberger* v. *Hughes*, 377 Ill. 126; *People ex rel. Howard* v. *Chicago and Eastern Illinois Railroad Co.*, 296 Ill. 246.) We also recognize that we must ultimately be guided by the statutory intent (*People ex rel. Kramer* v. *Chicago, Rock Island and Pacific Railroad Co.*, 6 Ill.2d 266), both in determining what constitutes compliance with the statute and in determining the effect of noncompliance. (*Hester* v. *Kamykowski*, 13 Ill.2d 481.) In this regard, we find it significant that the cases voiding an election on the basis of the deviation existing here have been decided under the Ballot Law, which provides that the voting spaces "shall be" designated by the words "Yes" and "No". (*People ex rel. Rhodes* v. *Miller*, 392 Ill. 445; *People ex rel. De Rosa* v. *Chicago and Northwestern Railway Co.*, 391 Ill. 145.) In contrast, the Highway Code provision which guides us here requires only

that the ballot "be substantially in the following form: * * *." This provision is identical to the one in *People ex rel. Howard* v. *Chicago and Eastern Illinois Railroad Co.,* 296 Ill. 246, 249-50, where this court held that: "The word 'substantial, as ordinarily used, means essential, material or fundamental. A substantial copy of the form of the ballot designated in the statute must evidently be one that contains the essence of the form in the statute,—one giving the correct idea but not necessarily the exact expressions in the statutory form. The words of the statute, 'the ballots at said election shall be substantially in the following form,' necessarily convey the idea that the ballot to be used or voted by the voters is not required to be an accurate or exact copy but one which embodies or contains the substance or main features of the ballot found in the statute. The legislature evidently did not intend that every word of the statutory form should be found in the form furnished the voter, and if enough of the words found in the statutory form, coupled with other apt words, are printed on the ballot furnished to the voter that will mean the same thing to all of the voters as the words used in the statutory form, the statute will be substantially complied with." (See also *Dick* v. *Roberts,* 8 Ill.2d 215.) In view of the significant statutory distinction, we find it neither necessary nor appropriate to overrule *De Rosa.* It is sufficient for the purpose of this decision to hold only that the ballot form employed here complied with the applicable Highway Code provision.

We accordingly affirm the judgment of the circuit court of Franklin County.

*Judgment affirmed.*