SIXTH DIVISION
 May 23, 1997

Nos. 1-95-2637) Consolidated
 1-95-2638)

______________________________________________________________________

No. 1-95-2637 )
 )
WILLIAM R. KRAUSS, TRUDY O'CONNOR, ) Appeal from
ELIZABETH E. HENDRICKSON, RODNEY BELL, ) the Circuit Court
DIANA L. MESLE, ELIZABETH A. CARTAGENA, ) of Cook County.
FLORENCE HARRIS, MARGARET HELLYER, )
MICHAEL J. HOPKINS, SHELBY SHADD, )
NORMAN C. ZWEIBRUCK, TOMISE HUBBARD, )
and EMMA HUBBARD, ) 
 )
 Plaintiffs-Appellants, ) 
 )
 v. ) No. 95-CO-119
 )
THE BOARD OF ELECTION COMMISSIONERS OF ) 22nd Precinct of 46th Ward
THE CITY OF CHICAGO, )
 )
 Defendant-Appellee, )
 )
 and )
 )
BEVERLY WARNER, JAE LEE, THOMAS CAMERON )
and YVETTE LIFSCHULTZ, ) Honorable
 ) Curtis Heaston,
 Intervenors-Appellees. ) Judge Presiding.
______________________________________________________________________

No. 1-95-2638 )
 )
AMELIA T. GREEN, ROSIE M. HARRISON, ) Appeal from
EARLINE MURPHY PEARSON, CARMELLA E. ) the Circuit Court
FOSTER, and ARNITTA EDMONDSON, ) of Cook County.
 )
 Plaintiffs-Appellants, ) 
 ) No. 95-CO-120
 v. ) 
 ) 21st Precinct of 21st Ward
THE BOARD OF ELECTION COMMISSIONERS OF )
THE CITY OF CHICAGO, ) Honorable
 ) Curtis Heaston,
 Defendant-Appellee. ) Judge Presiding.
______________________________________________________________________

 MODIFIED UPON DENIAL OF REHEARING

 
 JUSTICE THEIS delivered the opinion of the court:

 Appellants, 13 registered voters of the 22nd Precinct of the 46th
Ward and five registered voters of the 21st Precinct of the 21st Ward
in the City of Chicago (voters), present a consolidated appeal from
the dismissal of their complaints challenging the validity of ballots
used in local option elections held on April 4, 1995. The local
option elections were held to determine whether to allow the retail
sale of alcoholic liquor in those precincts. Afterwards, voters from
both precincts promptly filed suit in the circuit court of Cook County
challenging the validity of the election ballots and seeking to have
the elections declared void. ILCS 5/23-24 (West 1994); 235 ILCS 5/9-1
(West 1994). The Board of Election Commissioners of the City of
Chicago (Board) filed motions to strike and dismiss the voters'
complaints. 735 ILCS 5/2-615, 5/2-619 (West 1994). The trial court
granted the Board's motions and dismissed the voters' complaints with
prejudice. On appeal, the voters contend that the trial court erred
in dismissing their complaints. We agree and reverse the trial
court's decision.
 The voters alleged that the election ballots did not comply with
the format as required by section 9-6 of the Liquor Control Act, and
thus, the elections were void. 235 ILCS 5/9-6 (West 1994); Smith v.
Calhoun Community Unit School District No. 40, 16 Ill. 2d 328, 332,
157 N.E.2d 59, 61 (1959). The Board filed motions to strike and
dismiss the voters' complaints. The Board argued that no prejudice or
actual voter confusion was alleged by the plaintiffs. In addition,
the Board asserted that the ballots substantially complied with the
required statutory form, and that laches barred the voters from
bringing suit. Four registered voters in the 22nd precinct intervened
in support of the Board's position. The trial court granted the
Board's motions and dismissed the voters' complaints with prejudice. 
The trial court then stayed the order pending appeal.
 The first issue on appeal is whether the voters' complaints
failed to state a cause of action because they failed to allege
prejudice or actual voter confusion. 735 ILCS 5/2-615 (West 1994). 
We review section 2-615 motions de novo. Lawson v. City of Chicago,
278 Ill. App. 3d 628, 634, 662 N.E.2d 1377, 1382 (1996). On review,
the court looks to whether the complaint alleged the essential
elements of a cause of action and accepts all well-pleaded facts and
all reasonable inferences as true. Lawson, 278 Ill. App. 3d at 634,
662 N.E.2d at 1382.
 Suits seeking to contest the validity of a local option election
are governed by the specific procedures of the Illinois Liquor Control
Act. 235 ILCS 5/9-19 (West 1994); Chambers v. Board of Election
Commissioners of the City of Chicago, 183 Ill. App. 3d 567, 569, 571,
539 N.E.2d 267, 269, 270 (1989). Section 9-19 of the Liquor Control
Act provides the procedures for contesting the validity of a local
option election:
 "Any 5 legal voters *** may within 10 days
 after the canvass of the returns *** contest the
 validity of such election ***. *** Any registered
 voter in the political subdivision or precinct in
 which the election has been held may appear in
 person, or by counsel, in any such contest to
 defend or oppose the validity of the election." 
 235 ILCS 5/9-19 (West 1994).
 Nothing in the Liquor Control Act requires plaintiffs contesting
the validity of local option elections to allege prejudice or actual
voter confusion. Further, no cases addressing the validity of a
ballot proposition have required a plaintiff to allege actual voter
confusion. The rationale is that challenges to the validity of an
election question the basic legality of the election, not the outcome. 
Ross v. Kozubowski, 182 Ill. App. 3d 687, 694, 538 N.E.2d 623, 628
(1989), citing Village of Hinsdale v. Du Page County Court, 281 Ill.
App. 571 (1935). We find that the voters stated a cause of action
challenging the validity of the ballot used in the local option
elections.
 The next question is whether the trial court erred in dismissing
the voters' complaints on the ground that the ballots were legally
sufficient. 735 ILCS 5/2-619 (West 1994). This court also reviews
section 2-619 motions under a de novo standard. Lawson, 278 Ill. App.
3d at 634, 662 N.E.2d at 1382. 
 When a special statute dictates the form of the ballot, there
must be substantial compliance with the special statutory mandate or
the election is void. Smith v. Calhoun Community Unit School District
No. 40, 16 Ill. 2d 328, 332, 157 N.E.2d 59, 61 (1959). Substantial
compliance, rather than exact compliance, with this type of statutory
ballot is sufficient. People ex rel. Davis v. Chicago, Burlington &
Quincy R.R. Co., 48 Ill. 2d 176, 182, 268 N.E.2d 411, 414-15 (1971).
 Determination of substantial compliance is a question of law for
the court. The test is whether the voter was given as clear an
alternative as if the statutory form had been identically followed. 
Dick v. Roberts, 8 Ill. 2d 215, 221, 133 N.E.2d 305, 309 (1956). The
focus is on the existence of a meaningful choice for the voters. A
ballot is sufficient if the voter has a clear opportunity to express a
choice either for or against it. Hoogasian v. Regional Transportation
Authority, 58 Ill. 2d 117, 123, 317 N.E.2d 534, 538 (1974). Accord
Knappenberger v. Hughes, 377 Ill. 126, 132, 35 N.E.2d 317, 320 (1941);
People ex rel. Howard v. Chicago & Eastern Illinois R.R. Co., 296 Ill.
246, 251, 129 N.E. 846, 848 (1921). 
 Thus, courts consider whether the deviation in the ballot was
misleading or confusing to the voters. Davis, 48 Ill. 2d at 182, 268
N.E.2d at 415; Smith, 16 Ill. 2d at 336, 157 N.E.2d at 63. In People
ex rel. Davis v. Chicago, Burlington & Quincy Railroad Co., when the
ballot provided "for" and "against" rather than "yes" and "no." the
Court found the deviation acceptable because "there is no contention
or likelihood that the deviation in wording confused the voters or
obstructed them in voting either for or against the proposition, in
accordance with their inclinations." Davis, 48 Ill. 2d at 182, 268
N.E.2d at 415. Moreover, deviations consisting merely of additional
information not affecting the voters' choice do not void the election. 
Smith, 16 Ill. 2d at 335, 157 N.E.2d at 63; Dick, 8 Ill. 2d at 222,
133 N.E.2d at 309; Knappenberger, 377 Ill. at 132-33, 35 N.E.2d at
320.
 Section 9-6 of the Illinois Liquor Control Act (235 ILCS 5/9-6
(West 1994)) specifies the format of local referenda on the retail
sale of alcoholic liquor and provides: "The proposition shall be in
substantially the following form:"

 Shall the sale at retail of
alcoholic liquor (or alcoholic
liquor other than beer
containing not more than 4% of
alcohol by weight) (or
alcoholic liquor containing
more than 4% alcohol by weight
in the original package and
not for consumption on the
premises) be prohibited in (or
at) ..............?

 YES

--------------

 NO

--------------

Except for the territorial descriptions, the actual ballots for both
wards were identical. Thus, the ballot for the 46th Ward appeared as
follows:

 The voters argue that the "totality of deviations" defeat
substantial compliance because the ballots were invalid as to both
substance and form. As to substance, the voters argue that the
erroneous and nonsensical Spanish translations did not substantially
comply with the statute. As to form, the voters complain that the
horizontal line extending between the English and Spanish versions of
the questions and answers created both a physical and psychological
barrier for voters. The Board contends that the ballots substantially
complied with section 9-6 of the Liquor Control Act because adequate
information was provided and the voters had a clear choice of "yes" or
"no." The Board also argues that any mistranslation of the questions
into Spanish was irrelevant and did not change the election outcome.
 We first consider the sufficiency of the substance of the ballot
propositions. The content of the English questions was sufficient. 
More troubling, however, are the Spanish versions of the propositions,
which did not present the same questions as were presented in English. 
As alleged in the voters' complaints, the Spanish versions: (1) used
the word "Debida," which means "to owe" in English rather than
"Bebida," which means "to drink" in English; (2) twice used the word
"Recinto," which has no Spanish meaning, instead of the Spanish word
"Precinto," which means "precinct" in English; and (3) used an
expression "de la ultima eleccion," which means "of the last election"
in English, rather than "desde la ultima eleccion," which means "since
the last election" in English. The voters charged that the result of
these mistakes was a proposition which read:
 "Should the sale of alcoholic [a owing to] in this
 21st [misspelled word] area of 21st [misspelled
 word] be prohibited in the City of Chicago? (As
 such precinct existed [of] the last general
 election[.])"
The 46th Ward question was similarly phrased. 
 The Board concedes that the Spanish versions were misleading but
counters that the Spanish versions were merely additional, helpful
information. The Board explains that it was attempting to comply with
the Voting Rights Language Assistance Act. 42 U.S.C. 1973aa-1a
(1994). The Board also argues that there were too few Spanish-
speaking voters in those precincts to affect the election outcomes.
 We find no merit in either of the Board's explanations for the
improper Spanish translations. We first reject the Board's argument
that few voters were affected. Section 9-19 of the Liquor Control Act
makes clear that any five voters may contest the validity of an
election. 235 ILCS 5/9-19 (West 1994). "[A]ll qualified citizens
have a constitutionally protected right to vote and to have their
votes counted." Tully v. Edgar, 171 Ill. 2d 297, 305-06, 664 N.E.2d
43, 48 (1996). The Board may not argue that a little
disenfranchisement is harmless. We also reject the Board's argument
that it was attempting to comply with the Voting Rights Language
Assistance Act. Whether the Board complied with the Voting Rights Act
is irrelevant. Once the Board affirmatively undertook to provide the
Spanish versions of the local option referenda, it had an obligation
to do so correctly. The Board can make no argument that the Spanish
translations complied with section 9-6 of the Liquor Control Act.
 The trial court erred in finding, as a matter of law, that the
Spanish versions of the local option propositions substantially
complied with section 9-6 of the Liquor Control Act. Thus, we need
not address whether the form of the propositions complied with section
9-6. Moreover, because our decision is based on compliance with the
Liquor Control Act, we need not consider the validity of the local
option ballots with respect to the Voting Rights Language Assistance
Act. 
 The voters' final argument on appeal is that the trial court
erred by imposing the equitable doctrine of laches to bar the voters'
claims of invalid ballot formation. The voters argue that they
brought suit within the 10-day period specified under section 9-19 of
the Liquor Control Act. The Board counters that its publication of
the ballot several days prior to the election gave the voters either
actual or constructive notice of the ballot to defeat any challenges.
 Typically, laches requires a showing of a lack of diligence on
the part of the plaintiffs and that defendant was prejudiced by
plaintiff's lack of diligence. Kurtz v. Solomon, 275 Ill. App. 3d
643, 653, 656 N.E.2d 184, 192 (1995). The Election Code provides: 
"Ballots shall be printed *** at least two days before each election
and subject to the inspection of candidates and their agents; if any
mistakes be discovered they shall be corrected without delay." 10
ILCS 5/16-5 (West 1994). Courts applying laches in the election
context have enforced the statutory option of candidates or their
political parties to inspect the ballots. In re Contest of Election
for Governor, 93 Ill. 2d 463, 488, 444 N.E.2d 170, 181 (1983); People
ex rel. Goldberg v. Delaney, 39 Ill. 2d 474, 481, 236 N.E.2d 689, 693
(1968). 
 In contrast, election provisions governing constitutional
amendments or public questions do not indicate who should inspect the
ballot. See 10 ILCS 5/16-6, 16-7 (West 1994); 235 ILCS 5/9-5 (West
1994). Thus, while the Liquor Control Act requires ballots to be
printed and available for inspection prior to the actual election, the
statute specifically indicates that failure to publish does not affect
the validity of the election. 235 ILCS 5/9-5 (West 1994). Nothing in
this case indicates that the voters had a duty to inspect the
referendum ballots prior to election day. Therefore, laches is not an
appropriate bar to the voters' claims.
 In summary, the voters stated a valid cause of action contesting
the validity of ballots used on April 4, 1995, in the local options
elections held in the 22nd Precinct of the 46th Ward and the 21st
Precinct of the 21st Ward in the City of Chicago. Further, we cannot
say, as a matter of law, that the ballots presented in these local
option elections substantially complied with section 9-6 of the
Illinois Liquor Control Act. Because our decision is based on
compliance with the Liquor Control Act, we need not address the
applicability of the federal Voting Rights Language Assistance Act. 
We also find that laches is not a proper bar to the voters' suits. We
reverse the trial court's order granting the Board's motions to strike
and dismiss and remand the cause.
 Reversed and remanded.
 GREIMAN, P.J., and ZWICK, J., concur.